**UNITED STATES of America,
Plaintiff–Appellee**

v.

**Samuel CASTILLO, Defendant–
Appellant.**

**No. 11–11041
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Nov. 29, 2012.

Nancy E. Larson, Assistant U.S. Attorney, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Plaintiff–Appellee.

Ronald Gordon Couch, Southlake, TX, for Defendant–Appellant.

Before JONES, DENNIS and HAYNES, Circuit Judges.

PER CURIAM: *

Samuel Castillo appeals the 151–month sentence he received following his guilty plea conviction for conspiring to possess with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 846. Specifically, he challenges the district court's refusal to award him a three-level sentencing reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. Castillo asserts that he timely pleaded guilty and that, although he moved to withdraw the plea, the motion was based on bad advice from fellow inmates. He states that he subsequently apologized and sought to rectify the error during debriefing and that he was therefore entitled to the reduction.

The district court's denial of a sentencing reduction for acceptance of responsibil-

ity was not "without foundation." *United States v. Juarez–Duarte*, 513 F.3d 204, 211 (5th Cir.2008). Castillo moved to withdraw his plea based on his alleged confusion over the type of drug involved in his offense, which confusion the district court found to be incredible, and which credibility finding Castillo has never contested. Because Castillo falsely denied knowing that his offense involved methamphetamine in an attempt to reduce his culpability, he acted in a manner inconsistent with acceptance of responsibility. *See* § 3E1.1, comment. (n.3); *United States v. Medina–Anicacio*, 325 F.3d 638, 648 (5th Cir.2003); *see also United States v. Angeles–Mendoza*, 407 F.3d 742, 753 (5th Cir.2005). Accordingly, the district court's judgment is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.